IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY C. POSTEN, #251 716, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-61-WHA-CSC |
| | ) | [WO] |
| DOC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JEREMY C. POSTEN, #251 716, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-CV-123-WHA-CSC |
| | ) | [WO] |
| ELBA WORK CENTER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, filed this consolidated 42 U.S.C. § 1983 action on January 22, 2021.  On February 3, 2021, the Court entered an Order requiring Plaintiff to submit an initial partial filing fee to the Clerk of Court in the amount of $48.73.  Doc. 3.  The Court cautioned Plaintiff his failure to comply with the February 3 Order, the deadline for which was extended by Order of February 25, 2021, would result in a Recommendation his Complaint be dismissed.  Doc. 3 at 3; Doc. 4.  Plaintiff has not submitted the initial partial filing fee or otherwise complied with orders of the Court and the time for doing so has expired.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey a court order. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); FED. R. CIV. P. 41(b). The Eleventh Circuit has made clear that "dismissal is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). Here, the Court finds Plaintiff has willfully failed to comply with the directives of the Court's February 11, 2021, Order. And considering Plaintiff's disregard for orders of this Court, the Court further finds that sanctions lesser than dismissal would not suffice in this case.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the Court and prosecute this action.

Plaintiff may file an objection to the Recommendation **on or before April 26, 2021**. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order of the Court and, therefore, it is not appealable.

Failure to file written an objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 12th day of April, 2021.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE